UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>A. ORTIZ,<br><br>Defendant. | Case No. 20-cv-00176-HSG<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS** |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 2. For the reasons set forth below, the Court orders plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why plaintiff's request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**I.  PLRA's Three-Strikes Provision**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels

the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

A court may count as strikes dismissals of district court cases as well as dismissals of appeals. *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). But the dismissal of an appeal may count as a strike only if based on a qualifying reason under § 1915(g). A district court is not required to announce in an order that its dismissal constitutes a strike under § 1915(g) for that dismissal to later count as a strike. *See Andrews*, 398 F.3d at 1119 n.8. Nor is the appellate court required to announce whether a dismissal of an appeal may be counted as a strike in later cases. *See Furnace v. Giurbino*, 838 F.3d 1019, 1029 (9th Cir. 2016).

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. Even if certain claims in a lawsuit are dismissed as frivolous, malicious or for failure to state a claim, that case will not qualify as a strike if other claims are not dismissed or are dismissed for different non-enumerated reasons. *Id.* (declining to impose strike where actions were dismissed in part for failure to serve, refusal to exercise supplemental jurisdiction over state-law claims, and quasi-judicial immunity).

A dismissal based on immunity does not constitute a strike because § 1915(g) omits the immunity language as a ground for a strike. *Harris*, 935 F.3d at 675. There are rare cases where immunity may be so clear on the face of the complaint that dismissal may qualify as a strike for

2

failure to state a claim, or where immunity is so obvious that the suit is frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint. Such will rarely be the case with immunity-based defenses." *Id.*

A dismissal for failure to exhaust available administrative remedies based upon granting an unenumerated 12(b) motion to dismiss in which evidence is considered, or upon granting a motion for summary judgment, is not a dismissal for a qualifying reason under § 1915(g) (i.e., not a dismissal for failure to state a claim) and may not be considered a strike. *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). But a dismissal for failure to exhaust available administrative remedies counts as a strike if the failure to exhaust was clear from the face of the complaint, which would have been sufficient to dismiss under 12(b)(6). *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016).

## II. Plaintiff's Strikes

The Court finds that, prior to this date, plaintiff has had at least three cases dismissed that count as "strikes."[1] The Court takes judicial notice[2] of: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015), *aff'd* 632 Fed. App'x. 426 (9th Cir. 2016); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016), *aff'd* 688 Fed. App'x 435 (9th Cir. 2017); (3) *Cruz v. Gomez*, C No. 1:15-cv-00859 EPG (PC), 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017), *aff'd* 698 Fed. App'x 368 (9th Cir. 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016), *report and recommendation adopted by* Order Adopting Findings and Recommendations

---

[1] The Court notes that plaintiff has filed at least six cases in this district, *see Trujillo v. Lithe*, C No. 13-cv-05046 HRL; *Cruz v. Gutierrez*, C No. 19-cv-004726 HSG; *Trujillo Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; and *Cruz v. Ortiz*, C No. 20-cv-00176, and has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.* C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB.

[2] [4]The district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

and Dismissing the Action for Failure to Exhaust, *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, Dkt. No. 49, entered Aug. 5, 2016, *aff'd* 688 Fed. App'x 452 (9th Cir. 2017); and (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).[3] The Court reviews how the dismissals of these actions constitute "strikes" for the purposes of Section 1915(g).

(1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015). This action was dismissed for failure to state a claim because the complaint failed to comply with Fed. R. Civ. P. 8; but also because the appeals coordinator defendant was not linked to, or liable for, any of the alleged constitutional violations; the claims against the CDCR and unidentified state agency defendants were barred by the Eleventh Amendment; there is no respondeat superior liability; and the failure-to-protect claims failed to allege that defendants knew of, and disregarded any, particular risk of harm. *See Trujillo v. Gomez*, 2015 WL 13049186, at *2-*4. The Eleventh Amendment bar was readily apparent from the face of the complaint without resort to any additional information outside the four corners of the complaint. The complaint therefore failed to state a claim upon which relief could be granted. The dismissal qualifies as a strike. *Andrews*, 398 F.3d at 1121 (dismissal for failure to state a claim within meaning of Fed. R. Civ. P. 12 qualifies as strike); *Harris*, 935 F.3d at 675-76 (dismissal of case on immunity grounds case may qualify as a strike where immunity is so clear on face of complaint or where immunity is so obvious that suit is frivolous).

(2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016). This action was dismissed for failure to state a claim because the property loss claim was not cognizable under federal law because plaintiff had not alleged compliance with the California Tort Claims Act and because the bare allegations of retaliatory motive were insufficient to state a claim for relief. The complaint therefore failed to state a claim upon which relief could be granted. The dismissal qualifies as a strike. *Andrews*, 398 F.3d at 1121 (dismissal for failure to state a claim within meaning of Fed. R. Civ. P. 12 qualifies as strike).

---

[3] Plaintiff is also known as Guillermo Cruz Trujillo, and in titling plaintiff's cases, courts have presumed plaintiff's last name to be Trujillo, Trujillo Cruz, or Cruz. The Court has confirmed that the plaintiff in this action is the same plaintiff in the actions identified above as strikes in this order by relying on the California Department of Corrections and Rehabilitation number assigned to plaintiff in each action, and confirming the number is the same in actions: AA-2974.

4

(3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017). This action was dismissed for failure to state a claim because a claim that personal property was destroyed does not state a federal law claim and the complaint's conclusory allegations did not state a retaliation claim. The complaint therefore failed to state a claim upon which relief could be granted. The dismissal qualifies as a strike. *Andrews*, 398 F.3d at 1121 (dismissal for failure to state a claim within meaning of Fed. R. Civ. P. 12 qualifies as strike).

(4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016). This action was dismissed because the failure to exhaust administrative remedies was clear from the face of complaint. 2016 WL 1704178, at *2, *4. The dismissal therefore qualifies as a strike. *El-Shaddai*, 833 F.3d at 1043-44 (dismissal for failure to exhaust available administrative remedies where failure to exhaust was clear from face of the complaint counts as a strike).

(5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017). This appeal was dismissed as frivolous and therefore counts as a strike. *See Rodriguez*, 169 F.3d at 1178.

The first four actions were dismissed by magistrate judges for failure to state a claim upon which relief may be granted. In these cases, only plaintiff had consented to proceed before a magistrate judge and the cases were dismissed before service of process on any defendant. The Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." *Hoffman v. Pulido*, 928 F.3d 1147, 1149 (9th Cir. 2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)). The dismissal of the first four actions listed above constitute strikes under 28 U.S.C. § 1915(g), and are no longer pending. Thus, a challenge to the three strikes consequence of each dismissal is precluded by *Hoffman*.

### III. Complaint

The complaint alleges that on December 2, 2019, defendant Pelican Bay State Prison officer Ortiz sexually harassed plaintiff under the guise of a clothed body search, and that this search was retaliatory and an attempt to cover up misconduct by officers Kumbat, Gutierrez, and

Ford. Dkt. No. 1 at 3. The complaint acknowledges that plaintiff did not seek relief for this issue within the California Department of Corrections and Rehabilitation's grievance system, conclusorily claiming that administrative remedies were rendered unavailable to plaintiff because prison officials and defendant Ortiz continuously threaten plaintiff with physical injury. Dkt. No. 1 at 5. The complaint alleges that the continuous threats of physical injury constitute "imminent danger of serious physical injury." Dkt. No. 1 at 5.

The complaint alleges a past constitutional violation which caused plaintiff emotional suffering. Conclusory allegations restating the Section 1915(g) standard are insufficient to state plausible allegations that plaintiff faced imminent danger of serious physical injury on December 27, 2019, the time he filed the complaint. *Andrews II*, 493 F.3d at 1055 (requiring plausible allegations of imminent danger of serious physical injury).

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 1/16/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge